CASE 18-C-27            WYOMING                        PAGE 0001

JASON FARMER                    VS. SPARTAN MINING CO, LLC


LINE   DATE   ACTION

1 03/05/18   CASE FILED;SUMMONS ISSUED AND RETURNED TO ATTY.
2 03/19/18   RETURN OF SVC OF SUMMONS ON SPARTAN BY SOS 3/13/18.
3 03/26/18   RETURN OF SVC OF SUMMONS ON SPARTAINING MINING CO BY SOS.
4 03/27/18   RETURN OF SVC OF SUMMONS ON R MILLER BY W. HALL ON 3/20/18.
5 04/02/18   RETURN OF SVC OF SUMMONS ON R MILLER BY W HALL 3/20/18.

STATE OF WEST VIRGINIA
COUNTY OF WYOMING, SS:

I, DAVID ___ , CLERK OF THE CIRCUIT COURT OF
WYOMING COUNTY ___ CERTIFY THAT THE
FOREGOING ___ A TRUE COPY FROM THE
OR ___ ___ ___ NOW ON FILE, LEFT
IN ___ ___ WAS ___ ___ TRUE
AND ___ ___ OF THE COURT, THIS

THE 5th ___ DAY OF April ___ 20 18

David Stover

CIRCUIT COURT OF WYOMING COUNTY, CLERK
WEST VIRGINIA

EXHIBIT

A

NOTED DOCKET

DATE: APR 02 2018

DAVID "BUGS" STOVER
CLERK CIRCUIT COURT
WYOMING COUNTY

### IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

**JASON FARMER,**

     **Plaintiff,**

**v.**                     **Civil Action No.:** _18-C-27_

**SPARTAN MINING CO., LLC, and
RONALD MILLER,**

     **Defendants.**

**SERVE:**

**Ronald Miller**

2018 APR -2 P 12 35
CIRCUIT CLERK OF
WYOMING COUNTY, WV
FILED

### SUMMONS

To: The Above-Named Defendant:

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

     You are hereby summoned and required to serve upon **Samuel B. Petsonk / Mountain State Justice, Inc., whose address is 223 Prince Street, Beckley, WV 25801,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

_David Stover B/_

Clerk of Court

Date: _3-5-18_

State of West Virginia,   To-wit:
County of Wyoming,

Served the within Summons upon the within named _____
_____*Oswald Mull*_____ by delivering a copy thereof
to him in person in Wyoming County, West Virginia on the 20ᵗʰ
day of _*March*_____ , _2018_ .

_____
Sheriff of Wyoming County, W.Va.

By _____
His Deputy

The Within Named _____
_____Not Found In My Bailiwick
This_____Day Of _____ , _____.

_____
Wyoming County

NOTED DOCKET
DATE: MAR 27 2018
DAVID "BUGS" STOVER
CLERK CIRCUIT COURT
WYOMING COUNTY

**IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA**

**JASON FARMER,**

    **Plaintiff,**

**v.**                         Civil Action No.: _18-C-27_

**SPARTAN MINING CO., LLC, and
RONALD MILLER,**

    **Defendants.**

**SERVE:**

    **Ronald Miller**

2018 MAR 27 P 1:40
CIRCUIT CLERK OF
WYOMING COUNTY, W.V.
FILED

**SUMMONS**

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

    You are hereby summoned and required to serve upon **Samuel B. Petsonk / Mountain State Justice, Inc., whose address is 223 Prince Street, Beckley, WV 25801**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

*David Stover B1*

Clerk of Court

Date: _3-5-18_

NOTED DOCKET
DATE: MAR 26 2018
DAVID "BUGS" STOVER
CLERK CIRCUIT COURT
WYOMING COUNTY

IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

JASON FARMER,

    Plaintiff,

v.                        Civil Action No.:  _18-C-27_

SPARTAN MINING CO., LLC, and
RONALD MILLER,

    Defendants.

## SERVE:

**Spartan Mining Co., LLC
c/o CORPORATION SERVICE COMPANY
209 WEST WASHINGTON STREET
CHARLESTON, WV, 25302**

## SUMMONS

To: The Above-Named Defendant:

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon **Samuel B. Petsonk / Mountain State Justice, Inc., whose address is 223 Prince Street, Beckley, WV 25801,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

_David Stover_ /s/
Clerk of Court

Date: _3-5-18_

FILED
2018 MAR 26 A 11: 18
CIRCUIT CLERK OF
WYOMING COUNTY, WV



# West Virginia Secretary of State
## Mac Warner
(http://www.sos.wv.gov)

**Secretary's Desk** (http://www.sos.wv.gov/secretary-desk/Pages/default.aspx)

**Administrative Law** (http://www.sos.wv.gov/administrative-law/Pages/default.aspx)

**Business and Licensing** (http://www.sos.wv.gov/business-licensing/Pages/default.aspx)

Authentications (http://www.sos.wv.gov/business-licensing/authentications/Pages/default.aspx)

Business (http://www.sos.wv.gov/business-licensing/business/Pages/businessdivision.aspx)

Charities (http://www.sos.wv.gov/business-licensing/charities/Pages/default.aspx)

Forms for Business Filings (http://www.sos.wv.gov/business-licensing/forms/Pages/default.aspx)

Licensing (http://www.sos.wv.gov/business-licensing/licensing/Pages/Licensing.aspx)

Notaries (http://www.sos.wv.gov/business-licensing/notaries/Pages/default.aspx)

Service of Process (http://www.sos.wv.gov/business-licensing/serviceofprocess/Pages/default.aspx)

Trademarks and Service Marks (http://www.sos.wv.gov/business-licensing/trademarkservicemarks/Pages/default.aspx)

Uniform Commercial Code (http://www.sos.wv.gov/business-licensing/uniformcommercialcode/Pages/default.aspx)

**Elections** (http://www.sos.wv.gov/elections/Pages/default.aspx)

**Public Services** (http://www.sos.wv.gov/public-services/Pages/default.aspx)

**News Center** (http://www.sos.wv.gov/news/Pages/default.aspx)

Home (http://www.sos.wv.gov/pages/default.aspx) | Business4WV (http://www.business4wv.com/b4wvpublic/) | News Center (/news/Pages/default.aspx) | ☐ (http://www.facebook.com/wvsos) ☐ (http://twitter.com/wvsosoffice) ☐ (http://www.sos.wv.gov/_layouts/feed.aspx?xsl=1&web=%2Fnews&page=26402023-f08d-441f-9bbd-5690559009d1&wp=d963eb34-2126-4d12-bf9a-8c46be406e7e)

Secretary of State (http://www.sos.wv.gov/Pages/default.aspx) > Business and Licensing (http://www.sos.wv.gov/business-licensing/Pages/default.aspx) > Service of process search (/business/service-of-process/) > Defendant details

## Defendant details

**Civil action #**

18-C-27 (/business/service-of-process/Home/Search?CivilActionNumber=18-C-27)

**Defendant**

SPARTAN MINING COMPANY, LLC (/business/service-of-process/Home/Search?DefendantName=SPARTAN%20MINING%20COMPANY%2C%20LLC)

**Agent**

Corporation Service Company

**Country**

US - UNITED STATES

**County**

Wyoming

**Service date**

Tuesday, March 13, 2018

**Certified number**

92148901125134100002284401

**Delivery date**

Friday, March 16, 2018

**USPS status**

DELIVERED LEFT WITH INDIVIDUAL [details] (/business/service-of-process/Home/USPSStatusDetails/215599)

**City/State/Zip**

Charleston, WV 25302

**Was delivered**

Yes

**Signature image**

View image (/business/service-of-process/Home/ViewImage/890ca1d4-602b-e811-952a-00155d5a2b3c)

Please note: USPS requires a signature whenever certified mail is returned to sender. When mail from the Secretary of State is returned, it is processed and signed by the state's central mailing office. If your mail was intended for a private entity (that is, anyone other than a state officer or agency) and the signature below is that of **Adam Robinson, Central Mailing Office, Danny Pauley, Jim Carter, Ronald Kushner or State of West Virginia**, then your mail was *NOT DELIVERED* and will be returned to the clerk of the appropriate court.

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 03/19/2018

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0002 2844 01. Our records indicate that this item was delivered on 03/16/2018 at 11:01 a.m. in CHARLESTON, WV 25302. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 228440

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2018 MAR 19  P 2: 36

CIRCUIT CLERK OF
WYOMING COUNTY, WV

NOTED DOCKET
DATE: MAR 19 2018
DAVID "BUGS" STOVER
CLERK CIRCUIT COURT
WYOMING COUNTY

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

David "Bugs" Stover
Wyoming County Courthouse
P.O. Box 190
Pineville, WV 24874-0190

**Control Number:** 215599

**Defendant:**   SPARTAN MINING COMPANY, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** Wyoming

**Civil Action:** 18-C-27

**Certified Number:** 92148901125134100002284401

**Service Date:** 3/13/2018

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

JASON FARMER,

    Plaintiff,

v.

    Civil Action No.: _18-C-7__

SPARTAN MINING CO., LLC, and
RONALD MILLER,

    Defendants.

**SERVE:**

    **Spartan Mining Co., LLC**
    **c/o CORPORATION SERVICE COMPANY**
    **209 WEST WASHINGTON STREET**
    **CHARLESTON, WV, 25302**

**SUMMONS**

To:  The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

    You are hereby summoned and required to serve upon **Samuel B. Petsonk / Mountain State Justice, Inc., whose address is 223 Prince Street, Beckley, WV 25801**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                 _David Stover /s/_
                                   Clerk of Court

Date: _3-5-18__

## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

### IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

**JASON FARMER,**

      **Plaintiff,**

**v.**                                     Civil Case No. 18-C- _27_

**SPARTAN MINING CO., LLC, and
RONALD MILLER,**

      **Defendants.**

| | Days to Answer | Type of Service |
|---|---|---|
| Spartan Mining Co., LLC | 30 | Secretary of State |
| Ronald Miller | 30 | Personal Service |

### PLEASE RETURN ALL FILE STAMPED COPIES AND ALL ORIGINAL
### SUMMONSES TO COUNSEL FOR PLAINTIFF(S) FOR SERVICE OF PROCESS

Please stamp summonses in the above-styled action as indicated.

Original and _1_ copies of Complaint furnished herewith.

| PLAINTIFF: Jason Farmer | CASE NUMBER: 18-C-27 |
|---|---|
| DEFENDANTS: Spartan Mining Co., LLC, and Ronald Miller | |

II.   TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| /_/ Asbestos | /_/ Adoption | /_/ Appeal from Magistrate Court |
| /_/ Professional Malpractice | /_ / Contract | /_/ Petition for Modification of Magistrate Sentence |
| /_/ Personal Injury | /_/ Real Property | /X_/ Miscellaneous Civil |
| /_/ Product Liability | /_/ Mental Health | /_/ Other |
| /_/ Other Tort | /_/ Appeal of Administrative Agency | |

III.   JURY DEMAND:      /X/  Yes          /_/  No

CASE WILL BE READY FOR TRIAL BY   February 2019

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?      /_/ YES     /X/ NO
IF YES, PLEASE SPECIFY:

/_/   Wheelchair accessible hearing room and other facilities
/_/   Interpreter or other auxiliary aid for the hearing impaired
/_/   Reader or other auxiliary aid for the visually impaired
/_/   Spokesperson or other auxiliary aid for the speech impaired
/_/   Other: _____

Attorney Name:     Samuel B. Petsonk, Esq.          Representing:

Firm:     Mountain State Justice, Inc.          /X/ Plaintiff     /_/ Defendant

Address:     223 Prince Street          /_/ Cross-Complainant    /_/ Cross-Defendant

Beckley, WV 25801

Telephone:   681-207-7510          Dated: February 26, 2018

Signature

/_/ Pro Se

## IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

**JASON FARMER,**

     **Plaintiff,**

**v.**                                  Civil Action No.:   _18-C-27_

**SPARTAN MINING CO., LLC, and**
**RONALD MILLER,**

     **Defendants.**

                                      **SERVE:**

                                      **Spartan Mining Co., LLC**
                                      **c/o CORPORATION SERVICE COMPANY**
                                      **209 WEST WASHINGTON STREET**
                                      **CHARLESTON, WV, 25302**

                                        **SUMMONS**

To:  The Above-Named Defendant:

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

     You are hereby summoned and required to serve upon **Samuel B. Petsonk / Mountain State Justice, Inc., whose address is 223 Prince Street, Beckley, WV 25801**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                            _David Stover_ /s/

                                        Clerk of Court

Date:  _3-5-18_

**IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA**

**JASON FARMER,**

     **Plaintiff,**

**v.**                              Civil Action No.: _18-C-27_

**SPARTAN MINING CO., LLC, and
RONALD MILLER,**

     **Defendants.**

<strong><u>SERVE:</u></strong>

<strong>Ronald Miller</strong>

<strong><u>SUMMONS</u></strong>

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

     You are hereby summoned and required to serve upon **Samuel B. Petsonk / Mountain State Justice, Inc., whose address is 223 Prince Street, Beckley, WV 25801**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                 _David Stover_ B1
                                 Clerk of Court

Date: _3-5-18_

IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

JASON FARMER,

    Plaintiff,

v.                                    Civil Action No.:_____18-C-27

SPARTAN MINING CO., LLC, and
RONALD MILLER,

    Defendants.

## COMPLAINT

Plaintiff, Jason Farmer, files this **COMPLAINT** against Defendant Spartan Mining Co.,
LLC and Ronald Miller because the Defendants discriminated against and constructively
discharged the Plaintiff by continually ordering him to work in highly dusty conditions after he
notified the Defendants that excessive and illegal dust exposure had caused him to develop black
lung disease, and after he told the Defendants that he refused to work in highly dusty mining
conditions that violated state laws on underground mine ventilation, all of which was in violation
of the common law of West Virginia and the West Virginia Human Rights Act.

In support thereof, Plaintiff alleges the following:

## PARTIES

1.     Plaintiff, Jason Farmer, was at all times relevant herein a resident of Mercer
County, West Virginia and worked full-time in Wyoming County, West Virginia.

2.     Spartan Mining Co., LLC is a West Virginia corporation with its principal place
of business at 208 Business Street, Beckley, WV 25801.

3.     Ronald "Boone" Miller was at all times relevant herein a resident of West
Virginia and worked full-time in Wyoming County, West Virginia.

## FACTS

4.      Jason Farmer began worked as an underground coal miner jointly employed by Alpha Natural Resources, LLC ("Alpha") and Alpha Natural Resources Holdings, Inc. ("New Alpha") and several of their subsidiaries from August 2006 through September 2016.

5.      During the time that Mr. Farmer worked for Alpha and New Alpha's subsidiaries, they transferred him between various mines.

6.      At all relevant times during the year of 2016, Mr. Farmer worked as a roof bolt operator and an employee of Spartan Mining Co. LLC at the Road Fork # 51 Mine (the "Mine"), near Mullensville, West Virginia, in Wyoming County.

***Spartan required miners to conduct mining work in advance of the ventilation current, but Mr. Farmer refused to do so***

7.      Chapter 22A, Article 2, Section 8 of the Code of West Virginia states that "[the mine foreman] shall not permit any room to be opened in advance of the ventilation current," that is, underground coal miners may not produce coal in the area of the mine where the ventilation current is carrying contaminated air from another active area of production.

8.      The first step in opening a room for coal production is to install roof bolts at specified intervals across the roof after the room has been cut.

9.      The Mine's upper management and foremen, including Defendant Miller, ordered the Plaintiff and other miners to spend several hours per shift operating a roof bolt machine in advance of the ventilation current (i.e., in areas that were downwind from active mining, also known as the "return air" sections of the Mine), working in extremely dusty situations downwind from the active mining machines.

10.      Consequently, the dust levels at the Road Fork #51 Mine were periodically and substantially elevated above the levels that the mine safety and health regulatory agencies deem

healthy for coal miners.

11.     During the summer of 2016, at the age of thirty-six, and after roughly ten years of working in underground coal mines for Alpha, Mr. Farmer began struggling to breathe.

12.     During that summer, Mr. Farmer's struggles with breathing became progressively worse.

13.     Mr. Farmer notified the Mine's safety director Terry Lambert that he was refusing to work in return air any longer because his breathing had become too poor.

14.     On July 18, 2016, Mr. Farmer informed Mr. Lambert in writing that his "lungs [were] messed up again[,] not sure what [I'm] going to have to do but [I] have got to get out of the dust a little more[. I] like my job but my lungs won't allo[w] me down wind any more[.]"

15.     Despite Mr. Farmer's complaints, the Defendants ordered him to operate his roof bolt machine in return air again that evening.

16.     Mr. Farmer's breathing troubles had become increasingly extreme, and he feared for his health and safety after being forced to bolt in return air despite his complaint.

17.     Consequently, Mr. Farmer was unable to report to work the following day due to his increasingly difficult time catching enough breath to perform his work duties.

18.     Beginning on July 19, 2016, Mr. Farmer was off work due to his breathing difficulties until September 1, 2016.

19.     Mr. Farmer was advised by his medical treatment providers that he suffered from a breathing impairment, that the impairment was persistent, progressive, and likely irreversible, and that Mr. Farmer was suffering from such an impairment due to pulmonary disease caused by coal mine dust exposure, which is known medically, legally, and colloquially as coal mine dust lung disease, or black lung.

20.     On August 10, 2016, Terreal Blankenship on behalf of Defendant Spartan Mining Company, LLC, filed a Form 7000-1 Occupational Illness Report with the U.S. Mine Safety and Health Administration acknowledging that, as of August 8, 2016, Mr. Farmer had developed "Dust Diseases of the Lung," due to "overexposure" to "respirable dust."

21.     On or about September 1, 2016, Mr. Farmer returned to work at the Mine and requested once again that the Defendants no longer require him to work in advance of the ventilation current (i.e. in return air or downwind of the continuous miner machine) multiple times per shift.

*When Mr. Farmer once again informed Defendants that he refused to work in return air in September, 2016, the Defendants assigned Mr. Farmer, in retaliation, to perform specific tasks involving heavy labor in highly-dusty settings that were medically inappropriate in light of his breathing impairment so severe that it had kept him off of work for an extended period.*

22.     At the time that Mr. Farmer returned to work, he once again informed management of his breathing troubles and an x-ray report finding that he was suffering from black lung disease.

23.     Furthermore, at that time, Mr. Farmer informed the Respondents that he had filed paperwork seeking to exercise his right to be removed from dusty conditions pursuant to 30 C.F.R. Part 90, and that his Part 90 application was currently pending review by the Mine Safety and Health Administration (MSHA) and the National Institute of Occupational Safety and Health (NIOSH).

24.     In response to Mr. Farmer's statements about his breathing difficulty and his positive black lung x-ray, the Defendants stated that they now agreed that Mr. Farmer should not be working in a highly dusty environment due to his documented black lung disease.

25.     Accordingly, at the time that Mr. Farmer returned to work in September 2016, the Defendants initially moved Mr. Farmer away from the working face of the mine.  The

Defendants represented to Mr. Farmer that he would not be exposed to coal mine dust in his new position. The Defendants reassigned Mr. Farmer to work in so-called "outby" areas.

26.     Mr. Farmer experienced a loss of income when he was moved from the mine face to the outby areas, due in part to a reduction in the number of hours that he was assigned to work relative to the number of hours that he was able to work at the mine face.

27.     However, after the Defendants acknowledged that Mr. Farmer had come down with black lung disease, and after they told him that they would no longer force him to work in dusty conditions, the Defendants acted contrary to what they had promised to Mr. Farmer.

28.     Namely, the Defendants resumed ordering Mr. Farmer to operate a rock-drilling machine and to shovel coal dust in highly dusty conditions throughout the mine's outby areas.

29.     These highly dusty conditions that Mr. Farmer worked in during September 2016 caused Mr. Farmer to suffer aggravated breathing difficulties.  Mr. Farmer understood from his medical providers that these aggravated coughing spells and additional dust exposures would substantially accelerate the development of his black lung disease—potentially causing the remodeling of his airways and the scarring of his lungs such that he would suffer from a substantially-disabling, if not totally-disabling, breathing impairment.  This represented a significant health concern for Mr. Farmer.

30.     Indeed, epidemiological analysis of regional coal mine dust exposures during the period that Mr. Farmer worked in the mines of Central Appalachia now indicate that mining conditions—such as the return air work that occurred at the Road Fork #51 Mine in Mr. Farmer's experience—were associated with the highest rates of severe black lung disease in recorded history. *See* Blackley DJ, Reynolds LE, Short C, Carson R, Storey E, Halldin CN, Laney AS. "Progressive Massive Fibrosis in Coal Miners From 3 Clinics in Virginia."  Journal of the

American Medical Association. 2018;319(5):500–501. doi:10.1001/jama.2017.18444

31.     Mr. Farmer became very concerned about the irreparable damage that he was suffering by way of his coal-mine-dust-induced lung disease, as documented by x-ray evidence, and which he was suffering due to his prolonged exposures to highly dusty coal mine environment while working in return air for hours per shift at the Road Fork # 51 Mine.  He also felt that further complaints to the Defendants would be futile because he had already requested to be removed from the dust, only to be misled into accepting another highly-dusty position operating a roof bolt machine and performing other highly dusty jobs in the outby areas.

32.     On September 25, 2016, having already complained to the Defendants about excessive dust on numerous occasions—only to be misled into working in yet another highly dusty position—Mr. Farmer became unable to continue working at his job.

33.     On that same date, Mr. Farmer notified the Defendants of the same by facsimile.

## COUNT I - WRONGFUL DISCHARGE
## IN VIOLATION OF THE COMMON LAW OF WEST VIRGINIA

34.     Plaintiff repeats and re-alleges the foregoing paragraphs.

35.     All causes of action in this Complaint are based on West Virginia law only and not filed pursuant to any federal statutes.

36.     It is the substantial public policy of the State of West Virginia that "[a]ny miner has the right to refuse to work in an area or under conditions which he believes to be unsafe." W. Va. Code 22A-2-71a.

37.     The mine safety laws of West Virginia intend to prevent coal miners from being exposed to levels of coal mine dust that cause disease and disability. *See generally* W. Va. Code Sec. 22A-2-2 (requiring operators to maintain a system of underground coal mine ventilation currents to minimize respirable and explosive dust concentrations), 22A-2-74 (requiring that

operators maintain levels of respirable dust at safe levels determined by the West Virginia Board of Coal Mine Health and Safety).

38.     Chapter 22A, Article 2, Section 8, states that "[the mine foreman] shall not permit any room to be opened in advance of the ventilation current."

39.     At the Road Fork #51 Mine, Defendant Miller and other mine foremen, all acting at the behest and the order of Defendant Spartan Mining Co., L.L.C., permitted rooms to be opened in advance of the ventilation current, and in violation of the W. Va. Code Sec. 22A-2-8, by ordering miners, including the Plaintiff, to bolt downwind of the active mining machines for extended periods on multiple shifts.

40.     Mr. Farmer insisted that the operator comply with the statutory requirements for ventilation, W. Va. Code 22A-2-2, -8, -74.

41.     Mr. Farmer engaged in a protected work refusal when he refused to work in return air multiple times per shift.

42.     Mr. Farmer engaged in protected activity when he reported his black lung disease to his managers.

43.     After Mr. Farmer complained of his breathing difficulty, the Defendants' actions of continually requiring Mr. Farmer to operate a roof bolt machine in dusty conditions, and to shovel float coal dust on the beltlines, were intended to render the working conditions unreasonable.  Those actions intentionally prolonged Mr. Farmer's exposure to coal mine dusts as to which the Defendants knew that Mr. Farmer had already been over-exposed by bolting in return air.

44.     Defendants' actions constituted unlawful retaliatory discharge in contravention of substantial public policies of the State of West Virginia, as articulated in the decisions of the

West Virginia Supreme Court of Appeals in *Harless v. First National Bank in Fairmont*, 162 W.

Va. 116, 246 S.E.2d 270 (1978), *Lilly v. Overnight Transp. Co.*, 188 W. Va. 538, 540, 425

S.E.2d 214, 216 (1992) (citing *Collins v. Elkay Mining Co.*, 179 W. Va. 549, 371 S.E.2d 46

(1988)), and as set forth in W. Va. Code 22A-2-71 (prohibiting adverse employment action

against miners who have engaged in protected safety-related activity), and specifically regarding

the prohibition on permitting miners to work in advance of the ventilation current, W. Va. Code

22A-2-8, or to work in excessively dusty environments,  W. Va. Code 22A-2-2, -74, in that the

Plaintiff was placed in unreasonably and intolerably dusty conditions in retaliation for his refusal

to bolt in return air.

45.     As a direct and proximate result of Defendants' retaliation for Plaintiff's protected

activities, Plaintiff has suffered, and will continue to suffer, lost wages, vacation time, and other

losses in compensation, bonuses, and benefits, as well as the substantial costs of locating

alternative employment, in an amount to be proven at trial.

46.     As a direct and proximate result of the Defendants' actions that caused

Plaintiff's severance from his job and chosen vocation as a coal miner, Plaintiff is entitled to

damages for indignity, extreme inconvenience, emotional distress, embarrassment, humiliation,

and extreme annoyance in an amount to be determined by the jury.

47.     Defendants' actions were reprehensible, fraudulent, willful, wanton, and

undertaken in blatant and intentional disregard and indifference to the important rights of the

Plaintiff who relied on the proper functioning of the ventilation systems at the Road Fork #51

Mine, therefore warranting an assessment of punitive damages against Defendants in an amount

to be determined by the jury.

48.     The actions of Defendants were willful and malicious, entitling the Plaintiff to

attorney fees and costs.

## COUNT II - WRONGFUL DISCHARGE
## IN VIOLATION OF THE HUMAN RIGHTS ACT

49.     Repeats and re-alleges the preceding paragraphs.

50.     All causes of action in this complaint are based on West Virginia law only and not filed pursuant to any federal statutes.

51.     Defendants failed to accommodate the Plaintiff's breathing impairment, causing the Plaintiff to be unable to perform the duties of his job because he lacked a reasonable accommodation, as set forth further below.

52.     Plaintiff is a "qualified individual with a disability" as that phrase is defined in the West Virginia Human Rights Act and under W. Va. Code St. R. Sec. 77-1-4.2, due to the x-ray records of his breathing impairment, about which he notified the Defendants, and which substantially limits and disrupts his ability to perform his regular mining work for extended periods, such that he had to be accommodated on separate occasions with time off, as well as lighter-duty work and less-dusty job duties.

53.     W. Va. Code St. R. 77-1-4.5 sets forth the requirements for a reasonable accommodation of a disabled worker under the West Virginia Human Rights Act, which include making the facilities accessible, job restructuring (and similar actions), adjustments or modifications to examinations, training materials, or policies, and preparation of fellow workers for the individual with the disability.

54.     Defendants deprived the Plaintiff of a reasonable accommodation, and failed to prepare fellow workers for dealing with the Plaintiff's disability, when they placed him in an available alternate position but then proceeded to assign him dusty work in that position.

55.     As the direct and proximate result of Defendants' actions, Plaintiff lost past and

future wages, which constitute economic losses, and incurred other damages, including but not limited to annoyance and inconvenience, emotional distress, and expenses, including attorneys' fees, for which he is entitled to recover from the Defendants.

56.     The conduct of Defendants was reprehensible, fraudulent, wilful and wanton, malicious, and in blatant and intentional disregard of the rights of the Plaintiff, thereby justifying an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully seeks the following relief:

A.     Compensatory damages sufficient to compensate Plaintiff for the damages proximately caused by Defendants, including lost wages and benefits, back pay, front pay, unused vacation time, damages for indignity, extreme inconvenience, emotional distress, embarrassment, humiliation, extreme annoyance, and costs of pursuing the instant action, in an amount to be determined by the jury;

B.     Reinstatement to his position with Defendants;

C.     Punitive damages against Defendants in an amount sufficient to ensure that such actions are not repeated, in accordance with West Virginia law;

D.     Prejudgment interest as provided by law;

E.     Injunctive relief prohibiting further discrimination or interference with Plaintiff's rights regarding freedom from opening rooms in advance of the ventilation current, and regarding the availability of reasonable accommodations at work;

F.     Reasonable attorney fees and costs; and

G.     Such other relief as this Court deems just or equitable.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

**JASON FARMER,**
**By counsel,**

Samuel B. Petsonk (WVSB # 12418)
Mountain State Justice, Inc.
223 Prince Street
Beckley, WV 25801
E-mail: sam@msjlaw.org
Office: (681) 207-7510
Fax: (681) 207-7513