# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

JAMES FARMER,

                Plaintiff,

v.                                                         CIVIL ACTION NO.  5:18-cv-534

SPARTAN MINING CO., LLC, and
RONALD MILLER,

                Defendants.

## MEMORANDUM OPINON AND ORDER

The Court has reviewed the *Defendants' Motion to Strike Amended Complaint* (Document 12), the *Memorandum of Law in Support* (Document 13), the *Plaintiff's Response in Opposition to Motion [to] Strike Amended Complaint* (Document 15), and the *Defendant's Reply in Support of Motion to Strike Plaintiff's Amended Complaint* (Document 17). The Court has also reviewed the *Complaint* (Document 1), the *Answer and Affirmative Defenses of Spartan Mining Company, LLC and Ronald Miller* (Document 5), the *Scheduling Order* (Document 10), and the *Amended Complaint* (Document 11). For the reasons stated herein, the Court finds that the Defendants' motion should be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Jason Farmer, initiated this lawsuit with a *Complaint* in the Circuit Court of Wyoming County, West Virginia, against the Defendants, Spartan Mining Company, LLC ("Spartan") and Ronald Miller. The two-count complaint alleged that the Plaintiff was wrongfully discharged from his position at Spartan as a roof bolt operator and employee at the

Road Fork #51 Mine ("the Mine"). He alleged that he was ordered by the Defendants to work in extremely dusty conditions downwind from the active mining machines, which allegedly threatened his health and resulted in his inability to work for Spartan. The Complaint further alleged that the Defendants' actions were in violation of the West Virginia common law and the West Virginia Human Rights Act. On April 6, 2018, the Plaintiff and the Defendants jointly removed the matter based on diversity jurisdiction. On April 13, 2018, the Defendants filed an answer, which denied all allegations. On May 10, 2018, the Plaintiff filed an amended complaint.

On May 11, 2018, the Court entered the scheduling order, which stated in relevant part: "1. Amendments and Joinder: The amendment of any pleading and the joinder of any party shall be completed no later than August 10, 2018."

On May 17, 2018, in response to the amended complaint, the Defendants filed a *Motion to Strike Plaintiff's Amended Complaint* and *Memorandum of Law in Support*. On May 31, 2018, the Plaintiff filed his *Response in Opposition* and on June 7, 2018, the Defendants filed a *Reply in Support*. The matter is ripe for review.

## STANDARD OF REVIEW

Rule 15(a)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] party may amend its pleading once as a matter of course (A) within 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages courts to freely grant motions for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend when the amendment would be prejudicial to the

opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

## DISCUSSION

The Defendants contend that the Plaintiff's amended complaint should be stricken because he failed to obtain either the Defendants' consent or the Court's leave for its filing as required by Rule 15(a)(2). The Plaintiff responds with a two-prong argument. First, he argues the amended complaint was properly filed prior to the deadline set forth in the Court's scheduling order, and second, that even if it is not permitted by the scheduling order, good cause exists for its filing, because it provides more detail regarding the Plaintiff's black lung disease and needed accommodations, as well as legal clarity with respect to both counts.[1]

The Court finds the Plaintiff's first argument, that the amended complaint was properly filed, given the scheduling order, is a misapplication of Rule 15. "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010); *W. Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 566 (S.D.W. Va. 2001). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *CSS, Inc. v. Herrington*, 318 F.R.D. 582, 584 (S.D.W. Va. 2016) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The liberality of Rule 15(a) does not overcome the procedural requirements of the rule, nor do the rule's requirements lapse once a scheduling order is in place. As stated, Rule 15 provides, "A party may amend its pleading once as a matter of course within[,] . . . 21 days after service of a responsive pleading or 21 days after service of a

---

[1] The Defendants also argue that the amended complaint is futile because, like the original complaint, it cannot survive a motion to dismiss. Given the Court's ruling on this motion, the Court will not consider these arguments unless or until there is a motion to dismiss the amended complaint.

motion under Rule 12(b), (e), or (f), whichever is earlier." The Advisory Committee Notes further instructs litigants that:

> [T]he right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion. The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.

Fed. R. Civ. P. 15. So, while as a policy matter, courts liberally grant motions to amend complaints, litigants are still constrained by the procedural requirements in Rule 15.

Here, the Defendants served their answer on April 13, 2018. Accordingly, pursuant to Rule 15, the Plaintiff had twenty-one (21) days after service of the April 13, 2018 answer to file an amended complaint without Court approval or the Defendants' consent. The deadline to file an amended complaint expired on May 4, 2018, but the Plaintiff did not file the amended complaint until May 10, 2018. As such, pursuant to Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Generally, leave to amend a pleading should be granted unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. See *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). Clearly, the Plaintiff failed to follow the procedure set out in Rule 15(a)(2), inasmuch as no motion requesting leave to amend was filed. Furthermore, it is undisputed that consent of the Defendants was not requested or received.

The Court now turns to the Plaintiff's second argument that the amended complaint was filed with good cause. The mere belief that one has good cause to file an amended complaint does not relieve a party of the procedural requirement of seeking leave to file the amendment. However, the Plaintiff's amended complaint did not add any counts or parties. Rather, it simply clarified existing legal and factual allegations included in the initial complaint, removed from state court. Additionally, the Plaintiff did file the amended complaint within the time frame set forth in the Court's scheduling order. Finally, the Defendant does not argue, and the Court does not find, that any prejudice would result from allowing the amendments. Thus, had the Plaintiff filed a proper motion, under the circumstances presented here, given the liberality of Rule 15, the Court would have granted the same.

To be clear, regardless of the date set forth in the scheduling order for joinder and amendments, the Plaintiff was still required to follow the procedure outlined in Rule 15(a)(2). The Defendant aptly points out the Plaintiff's procedural defects in filing the amended complaint. However, to preserve judicial, legal and other resources, and to further the progress of this litigation, the Court, in this singular situation, finds the Defendants' motion to strike should be denied and the Plaintiff's amended complaint filed.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendants' Motion to Strike Amended Complaint* (Document 12) be **DENIED** and the *Amended Complaint* be **FILED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 29, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA