**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JASON FARMER,

        Plaintiff,

v.                                    CIVIL ACTION NO.   5:18-cv-00534

SPARTAN MINING CO., LLC
and RONALD MILLER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss* (Document 6), the *Memorandum of Law in Support of Motion to Dismiss of Defendants Spartan Mining Company, LLC and Ronald Miller* (Document 7), the *Plaintiff's Response in Opposition to Motion to Dismiss* (Document 9), and the *Defendants' Reply Memorandum in Support of Motion to Dismiss* (Document 14). The Court has also reviewed the *Amended Complaint* (Document 11). To date, the Plaintiff has not filed a substantive response to the motion to dismiss. For the reasons stated herein, the Court finds that the Defendants' motion should be granted in part and denied in part.

**FACTUAL ALLEGEATONS AND PROCEDURAL HISTORY**

The Plaintiff, Jason Farmer, initiated this lawsuit with a complaint filed in the Circuit Court of Wyoming County, West Virginia, against the Defendants, Spartan Mining Company, LLC ("Spartan") and Ronald Miller. The two-count complaint alleged that the Plaintiff was wrongfully discharged from his position at Spartan as a roof bolt operator and employee at the

1

Road Fork #51 Mine ("the Mine"). He alleged that the Defendants ordered him to work in extremely dusty conditions downwind from the active mining machines, which allegedly threatened his health and resulted in his inability to work for Spartan. The complaint further alleged that the Defendants' actions were in violation of the West Virginia common law and the West Virginia Human Rights Act ("WVHRA"). On April 6, 2018, the Defendants jointly removed the matter to this court based on diversity jurisdiction. On April 13, 2018, the Defendants filed an answer, which denied all allegations.

On May 10, 2018, the Plaintiff filed an amended complaint. On May 17, 2018, in response to the amended complaint, the Defendants filed a Motion to Strike Plaintiff's Amended Complaint and Memorandum of Law in Support. On May 31, 2018, the Plaintiff filed his response in opposition and on June 7, 2018, the Defendants filed a reply in support. On January 29, 2019, this Court issued a Memorandum Opinion and Order, denying the Defendants' motion to strike and directing that the amended complaint be filed.

The Plaintiff claims that Ronald Miller ordered the Plaintiff and other miners to operate a roof bolt machine in dusty conditions in advance of the ventilation current. In the summer of 2016, at the age of thirty-six, the Plaintiff began struggling to breathe. On July 18, 2016, the Plaintiff notified Terry Lambert, the Mine's safety director, in writing, that his lungs were damaged, and that he would not be able to work in advance of the ventilation any longer. Despite this notification, the Defendants required the Plaintiff to operate the roof bolt machine in advance of the ventilation current. The Plaintiff was off work between July 19, 2016 and September 1, 2016. While he was away from work, the Plaintiff's medical treatment providers informed him that he suffered from an irreversible progressive breathing impairment caused by pulmonary

disease resulting from coal mine dust exposure, also known as black lung disease. On August 10, 2016, Terreal Blankenship, on behalf of Spartan, filed a Form 7000-1 Occupational Illness Report with the U.S. Mine Safety and Health Administration acknowledging that, as of August 8, 2016, the Plaintiff had developed dust disease of the lungs.

The Plaintiff returned to work on September 1, 2016. Upon his return, he requested that he no longer work in advance of the ventilation current. He also informed management of his breathing problem and provided them with an x-ray report confirming that he was suffering from black lung disease. In response to this information, the Defendants initially moved Mr. Farmer to another part of the mine that was not as dusty and assigned him less hours in comparison to the hours he was assigned when he worked in advance of the ventilation current. However, during September 2016, the same month of the Plaintiff's return to work, the Defendants again ordered him to work in advance of the ventilation current. Working in those conditions aggravated the Plaintiff's breathing difficulties and he feared working under those conditions would lead to irreparable damage and additional suffering from black lung disease. In light of his request to work elsewhere, once the Defendants ordered the Plaintiff to work in the dusty environment, in advance of the ventilation current, with knowledge of his black lung disease, the Plaintiff found the conditions to be so intolerable that he was compelled to quit his job on September 25, 2016.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw [] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

The Defendants filed a motion to dismiss, which addressed alleged deficiencies with the complaint, and raised affirmative defenses. In response to the motion, the Plaintiff asserted, without any legal basis or order from the Court, that the motion was moot because he had filed an amended complaint. The Defendants protested and filed a response renewing their motion to dismiss and asked the Court to strike the amended complaint. The Court addressed the procedural defects with the filing of the amended complaint but permitted it to be filed for the sake of preserving judicial economy. The Court will address the arguments raised by the Defendants, both in the initial motion to dismiss and in the briefing filed after submission of the amended complaint. The Court's analysis of the sufficiency of the complaint will rely on the amended complaint as the operative pleading.

*A. Count I- Harless Claim*

West Virginia follows the common law rule that an employer can terminate an employee at will. *See Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 275 (W. Va. 1992).

However, in *Harless* the Supreme Court of Appeals of West Virginia held that if "the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." *Id.*

The Defendants argue that Count I is subject to dismissal because the amended complaint relies on W. Va Code §§ 22-A-2-2, 22A-2-8, 22A-2-71a, and 22A-2-74, none of which, the Defendant argues, provide a basis for a *Harless* claim. (Def.'s Memo. at 4-5). Additionally, the Defendants argue that the Plaintiff failed to allege "the working conditions created by or known to [the Defendants] were so intolerable that a reasonable person would be compelled to quit," or that "there was a nexus point between his actions in furtherance of a substantial public policy and the creation of intolerable working conditions by Defendants. (*Id.* at 7.) Finally, the Defendants argue that even if the *Harless* claim was properly pled, Count I still must be dismissed because the Plaintiff forfeited any right to bring a common law *Harless* constructive wrongful discharge claim by asserting a constructive discharge claim under the West Virginia Human Rights Act. *Id.*

The Court can quickly dispose of the *Harless* claim. Courts in this district and the Northern District of West Virginia have consistently interpreted the law as preventing a plaintiff from maintaining both a *Harless* common law action and a WVHRA claim based on the same conduct. *See Burgess v. Gateway Comm'ns, Inc.-WOWK TV*, 984 F. Supp. 980, 983 (S.D. W. Va. 1997) (Haden, J.) ("A victim of unlawful discrimination is limited to the remedy afforded [her] under the [WVHRA]"); *Knox v. Wheeling-Pittsburgh Steel Corp.*, 899 F. Supp. 1529, 1535-36 (N.D. W. Va. 1995) ("It is a well-established principle that federal and state anti-discrimination laws, such as Title VII and the [WVHRA], preempt Harless-type, tort-based actions for discriminatory treatment in the workplace."); *Taylor v. City Nat'l Bank*, 642 F. Supp. 989, 998

(S.D.W. Va. 1986) (Haden, J.) ("This Court has previously decided that a party may not bring a Harless-type, tort-based action to gain redress for violations of the [WVHRA]"); *Guevara v. K-Mart Corp*., 629 F. Supp. 1189, 1192 (S.D. W. Va. 1986) (Haden, J.) ("a Harless-type action may not be substituted for an action under the [WVHRA]"). "[A] Harless cause of action is superfluous when a public policy is enforceable by a statutory cause of action." *Jackson v. Vaughn*, No. 1:15CV128, 2015 WL 6394510, at *3 (N.D.W. Va. Oct. 22, 2015) (Keeley, J.). Courts have been consistent in this area of law because the purpose of a *Harless* based claim was to prevent the termination of employees when termination contravened substantial public policy, and *no* private cause of action could enforce the public policy at issue. *Hill v. Stowers*, 224 W.Va. 51, 61 (2009). ("In Harless, this Court found that a private cause of action was appropriate because there was no other mechanism available to enforce the public policy at issue."). Here, the Plaintiff alleges in Count II of the Amended Complaint that he was discriminated against "as the phrase is defined in the West Virginia Human Rights Act and under W. VA. Code St. R. Sec. 77-1-4.5."[1] (Am. Compl. ¶ 59.) The WVHRA demonstrates the state's public policy interest against discrimination. The WVHRA creates a civil cause of action to bring claims against employers who fail to follow the statutory provisions. W. Va. Code §5-11-13. Count II of the Amended Complaint acknowledges this fact. (Am. Compl. ¶ 55-64). Accordingly, the Court finds the *Harless* claim set forth in Count I of the Amended Complaint should be dismissed.

---

1 W. Va. Code R. 77-1-4 states in relevant part:

No employer shall, on the basis of disability, subject any qualified individual with a disability to discrimination in employment as it relates to . . . Leaves of absence, sick leave, or any other leave.

*B. Count II- Failure to Accommodate Pursuant to the West Virginia Human Rights Act*[2]

In the Amended Complaint, the Plaintiff alleges that he was constructively discharged by the Defendants and discriminated against, because the Defendants did not provide a reasonable accommodation. The Defendants argue that the amended complaint should be dismissed because the Plaintiff did not specifically cite which portion of the WVRHA upon which he relies. More to that point, the Defendants argue specifically that the amended complaint against Mr. Miller should be dismissed, because he is a supervisor, not an employer under the WVHRA. The Defendants concede that the Plaintiff pleads that the Defendants failed to remove him from dusty work areas but protest, "'dusty' is not a recognized safety standard and does not represent a 'violation' or a 'danger' . . .." (Def.'s Rep. in Support of Mot. to Dismiss at 4). Finally, the Defendants argue that the motion to dismiss fails to allege that the Plaintiff was discharged or discriminated against for notifying anyone of any danger or being required to work in a dangerous area.

The WVHRA plainly states: ("[i]t shall be an unlawful discriminatory practice . . . [f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled[.]"). W. Va. Code § 5-11-9(1). To state a claim for wrongful discharge under the WVHRA, one must plead that "(1) . . . she meets the definition of [disabled] (2) . . . she is a 'qualified [disabled] person,' and (3) . . . she was discharged from ... her job." *Kitchen v. Summers Continuous Care Ctr., LLC*, 552 F. Supp. 2d

---

2 The Defendants make a few arguments in their *Memorandum of Law in Support of Motion to Dismiss of Defendants Spartan Mining Company, LLC and Ronald Miller* that were cured by the amended complaint. As such the Court will only address arguments that are still outstanding in *Defendants' Reply Memorandum in Support of Motion to Dismiss.*

589, 593 (S.D. W. Va. 2008) (*quoting Hosaflook v. Consolidation Coal Co.*, 201 W.Va. 325, 330 (1997)).    Further, to state a claim for breach of the duty of reasonable accommodation, the Plaintiff must plead that:

> (1) The plaintiff is a qualified person with a disability; (2) the employer was aware of the plaintiff's disability; (3) the plaintiff required an accommodation in order to perform the essential functions of a job; (4) a reasonable accommodation existed that met the plaintiff's needs; (5) the employer knew or should have known of the plaintiff's need and of the accommodation; and (6) the employer failed to provide the accommodation.

*Id*. (*citing Skaggs v. Elk Run Coal Co.*, 198 W. Va. 51, 65 (1996)).

The Court finds that the Plaintiff has sufficiently pled all elements required to survive the motion to dismiss.    First, with respect to the wrongful discharge claim, the Plaintiff pleads that he is disabled as defined by the WVHRA, because of his respiratory issues related to contracting black lung disease.    (Am. Compl. ¶ 19 and 58).    Next, he sufficiently pleads that he is a qualified disabled person.    A "qualified disabled person" is one who is able "to perform essential functions of the job" whether or not he requires reasonable accommodation.    *Skaggs v. Elk Run Coal Co., Inc* 198 W. Va. 51, 63-4 (1996)).    *See also* W. Va. Code § 5-11-9.    The Plaintiff was a roof bolt operator for Spartan and pleads that he was a qualified person with a disability, due to black lung disease, but could perform his job duties if he was accommodated "on separate occasions with time off, as well as lighter-duty work and less-dusty job duties."    (Am. Compl. ¶ 59).    Finally, the Plaintiff pleads that because of his lung condition, the Defendants' failure to provide a reasonable accommodation "constituted unlawful retaliatory discharge."    (Am. Compl. ¶ 48).

Additionally, the Court finds that the Plaintiff has sufficiently stated a claim for breach of duty of reasonable accommodation under the WVHRA.    As stated above, the Plaintiff pleads that he is a qualified disabled person.    The Plaintiff also pleads that the employer was aware of the

disability. He alleges that he was off work from July 19, 2016 until September 1, 2016, and when he returned, he "informed management of his breathing troubles and an x-ray report finding that he was suffering from black lung disease." (Am. Compl. ¶ 22). The amended complaint further alleges that after the Defendants were made aware of the Plaintiff's condition "in September 2016, the Defendants initially moved [the Plaintiff] away from the working face of the mine." (Am. Compl. ¶ 25). Also, as stated above, the Plaintiff pleads that he could in fact continue to work as a roof bolter in the mine if he was accommodated with occasions for time off, lighter duty work or less dusty job duties. He pleads that the Defendants should have known about the need for accommodation, because he informed them of his medical condition and provided medical documentation upon returning to the mine after being unable to report to work for three months. Finally, the Plaintiff alleges that the employer failed to provide the accommodation. When he initially returned to work, he was moved away from the dusty areas, but "the Defendants ordered [the Plaintiff] to work in a dusty environment." (Am. Compl. ¶ 32). Although the Defendants argue that working in the dusty area of the mine does not present a danger for someone with a black lung, the amended complaint sufficiently pleads that the Plaintiff notified the Defendants of the danger the working conditions presented for a qualified disabled person suffering from black lung disease.

Next, the Court will address the issue of whether Ronald Miller should be a named defendant in this case. The Defendants argue that the Court should dismiss the claims against Mr. Miller because he is not an employer. In support of this claim, the Defendants rely on a case from this Court, *Pack v. S&S Firestone, Inc.*, No. 5:14-CV-17286, 2014 WL 12625463 (S.D. W. Va. Aug. 27, 2014). In *Pack,* the Court denied the plaintiff's motion to remand because the Court

found that a non-diverse party was fraudulently joined. *Id*. at 7. The Court made this finding because the plaintiff did not cite the specific subsection of the WVHRA that would hold employees liable, nor did the complaint allege that the non-diverse defendant had aided or abetted the employer. *Id*. The Defendants are correct in noting that W. Va. Code R. 77-1-4 is applicable only to employers, which in this case would be Spartan. Furthermore, the amended complaint does not state that Mr. Miller employed the Plaintiff. However, the Supreme Court of Appeals of West Virginia has noted that "[t]he term 'person,' as defined and utilized within the context of the [WVHRA], includes both employees and employers." *Holstein v. Norandex, Inc.*, 194 W. Va. 727, 728 (1995). Unlike the facts presented in *Pack*, in this case the Plaintiff does, in fact, allege in the amended complaint that Mr. Miller participated in the alleged discrimination which ultimately resulted in the wrongful discharge of the Plaintiff.

C. *Failure to Exhaust Administrative Remedies, res judicata and collateral estoppel*

The Defendants have raised the affirmative defenses of failure to exhaust administrative remedies, res judicata, and collateral estoppel in their 12(b)(6) motion to dismiss. Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint, and generally does not reach the merits of an affirmative defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, the Fourth Circuit has recognized that there are relatively "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint[.]" *Id*. All facts necessary to the affirmative defense must clearly appear *on the face of the complaint*. *Id*. "To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." *Id.* at 466. Here, the Defendants have not asserted that the facts supporting the affirmative defenses

are apparent from the face of the complaint. Accordingly, these affirmative defenses are not appropriately before the Court at this stage of the proceedings, and the motion to dismiss must be denied as to the affirmative defenses.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants Motion to Dismiss* (Document 6) be **GRANTED** as to Count One and **DENIED** as to Count Two.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 27, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA